1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DIRECTV, INC., a California corporation,          CASE NO. CV-F-04-6237 OWW TAG

12                          Plaintiff,          ORDER TO ADOPT FINDINGS AND
                                                RECOMMENDATIONS ON PLAINTIFF'S
13                          vs.                 APPLICATION FOR DEFAULT JUDGMENT

14   LEWIS ESCALANTE,                           (Doc. 9)

15                          Defendant.

16                                         /

17                              **BACKGROUND**

18        Plaintiff DIRECTV, Inc. ("Plaintiff") is the nation's leading direct broadcast satellite system,

19   with more than 10 million customers.  Plaintiff's television programming currently includes major

20   cable networks, studio movies and special events programming, as well as a variety of sports and

21   other special interests programming.  Plaintiff offers its television programming to residential and

22   business customers on a subscription and pay-per-view basis only.  Each customer is required to

23   create an account with Plaintiff, and to obtain an access card and other system hardware from

24   Plaintiff, i.e., a satellite dish.  Once Plaintiff activates the access card, the customer can receive and

25   view in a decrypted format, i.e., unscrambled, those channels to which the customer has subscribed

26   or arranged to purchase from Plaintiff.

27   ///

28   ///

                                          1

1    On September 10, 2004, Plaintiff filed this action to allege that Lewis Escalante

2  ("Defendant") purchased and used one pirate access device and illegally modified Plaintiff's access

3  card(s) to access unauthorized viewing of Plaintiff's television programing.  Plaintiff's complaint

4  alleges claims for (first) unauthorized reception of satellite signals in violation of the Federal

5  Communications Act of 1934 (the "Communications Act"), 47 U.S.C. § 605, et seq.,[1] (second)

6  unauthorized interception of electronic communications in violation of the Electronic

7  Communications Privacy Act (the "Wiretap Act"), 18 U.S.C. §§ 2510-2521,[2] (third) willful assembly

8  or modification of devices or equipment in violation of  § 605 (e)(4) of the Communications Act,

9  and (fourth) conversion.

10    On November 16, 2004, Defendant was personally served with a summons and complaint.

11  (Court Doc. 11, Exh. B).  On December 28, 2004, this Court's clerk entered default against

12  Defendant.  (Court Doc. 7).  Plaintiff seeks a default judgment against Defendant to award

13  $10,000.00 in statutory damages under its second and third claims, or alternatively, its first claim.

14  Plaintiff also seeks an award of $2,894.49 in attorney's fees and costs under 47 U.S.C. §

15  605(e)(3)(B)(iii) and 18 U.S.C. § 2520(b)(3) for a total judgment of at least $12,894.49.

16    On April 22, 2005, the magistrate judge issued findings and recommendations to grant

17  Plaintiff a $2,914.49 default judgment against Defendant as follows:

18    1.    $1,000.00 for federal statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II).

19    2.    $1,914.49 for costs, including attorney fees.

20        Total:  $2,914.49.

21  The magistrate judge recommended the Court exercise its discretion to award no damages to Plaintiff

22  for Defendant's violation of 18 U.S.C. § 2511.  The findings and recommendations granted 15 court

23  days after their service to file written objections.  No objections were filed.

24  ///

25

26    [1] 47 U.S.C. § 605, et seq., prohibits the unauthorized use of wire or radio communications, including interception
   and broadcast of pirated cable or broadcast programming.

27

28    [2] 18 U.S.C. §§ 2510-2521, prohibits intentional interception of any wire, oral or electronic communication service
   in violation of the Wiretap Act.

**ORDER**

Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the magistrate judge's findings and recommendations are supported by the record and the magistrate judge's analysis.

Accordingly, this Court ORDERS:

1.    The magistrate judge's Findings and Recommendations on Plaintiff's Application for Default Judgment, filed February 7, 2005 (Court Doc. 9), are adopted in full; and

2.    Plaintiff is GRANTED a $2,914.49 default judgment against Defendant as follows:

   a.  $1,000.00 for federal statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II).

   b.  $1,914.49 for costs, including attorney fees.

   Total:  $2,914.49.

The clerk of this Court is DIRECTED to enter a $2,914.49 judgment in favor of Plaintiff DIRECTV, Inc. and against Defendant Lewis Escalante, an individual.  The clerk of this Court is further DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:    June 21, 2005                         /s/ Oliver W. Wanger**
emm0d6                                   UNITED STATES DISTRICT JUDGE

3